# EXHIBIT 2

**Venkat Jayaraman**

| | |
|---|---|
| **From:** | Vasu Sabbella <vasu@ascentpharm.com> on behalf of Vasu Sabbella |
| **Sent:** | Friday, December 16, 2022 7:27 PM |
| **To:** | Venkat Jayaraman; Praveen Balguri |
| **Subject:** | Fwd: Ascent Pharmaceuticals, Inc. |
| **Attachments:** | Untitled attachment 00025.pdf |

Sent from my iPhone

Begin forwarded message:

> **From:** Nick Oberheiden <nick@federal-lawyer.com>
> **Date:** December 16, 2022 at 5:33:49 PM EST
> **To:** Vasu Sabbella <vasu@ascentpharm.com>, mary rochee <maryrochee@gmail.com>, Roger Bach <roger@federal-lawyer.com>, Sudhakar Vidiyala <sudhakar@ascentpharm.com>
> **Subject: Fwd: Ascent Pharmaceuticals, Inc.**
>
> See below.
>
> Dr. Nick Oberheiden
> Attorney-at-Law
>
> Begin forwarded message:
>
>> **From:** "Siclari, Edward O" <Edward.O.Siclari@dea.gov>
>> **Date:** December 16, 2022 at 16:18:13 CST
>> **To:** Nick Oberheiden <nick@federal-lawyer.com>
>> **Cc:** "Locher, David M" <David.M.Locher@dea.gov>
>> **Subject: RE: Ascent Pharmaceuticals, Inc.**
>>
>> Dr. Oberheiden:
>>
>> Thank you for your message. I was actually working on a message to you today in follow up to the attachments and information you provided in response to DEA's audit findings.

1

As previously noted, in reviewing the materials your firm provided from Ascent, DEA identified a number of discrepancies between those materials and documents previously provided by Ascent to DEA. DEA investigators continue to work through the materials, but—as part of its ongoing review—DEA requires the following information to address these discrepancies.

### Ascent Attachment 1

Several extracted pages of Batch Packaging Records (BPRs) provided in Ascent Attachment 1 relate to lot numbers for which Ascent did not previously provide either Batch Manufacturing Records (BMRs) or BPRs. Other extracted pages conflict with BPRs previously provided DEA. Kindly provide a complete set of BMRs and BPRs that relate to all lot numbers of methylphenidate 20 mg listed in Ascent Attachment 1.

### Ascent Attachment 7

Ascent has provided two competing versions of a DEA Form 222, Order No. 200324373, for oxycodone/APAP 10/325 mg 500-ct bottles. In August 2022, Ascent gave to DEA a version in which Part 3 was handwritten. In November 2022, Ascent gave to DEA a version in which Part 3 was typed. Some inconsistencies are noted below. See attachment for reference.

1. **August version**: item #18 stated 2,000 packages were ordered, and that on April 19, 2022, 1,944 packages were shipped.
   **November version**: item #18 stated 2,000 packages were ordered, and that on May 23, 2022, 1,956 packages were shipped.

2. **August version**: item #19 stated 2000 packages were ordered, and that on April 19, 2022, 1,968 packages were shipped.
   **November version**: item #19 stated 2000 packages were ordered, and that on April 19, 2022, 1,944 packages were shipped.

3. **August version**: item #20 stated 2000 packages were ordered, and there is no indication anything was shipped.
   **November version**: item #20 stated 2000 packages were ordered, and that on April 19, 2022, 1,968 packages were shipped.

Please provide any secondary shipping records in Ascent's possession relating to DEA Form 222 Order No. 200324373 that show which version, if either, is accurate.

Please also provide an explanation for why Ascent would have two different (and inconsistent) versions of a single DEA Form 222.

### Ascent Attachments 11 & 12

Ascent has not produced BMRs or BPRs for Lot #20121235 and 20121237. Kindly provide a complete set of BMRs and BPRs for these batches.

DEA will continue its review and reach out with additional requests for information as needed.

Sincerely,

Edward O. Siclari

-----Original Message-----
From: Nick Oberheiden <nick@federal-lawyer.com>
Sent: Friday, December 16, 2022 1:40 PM
To: Siclari, Edward O <Edward.O.Siclari@dea.gov>
Cc: Locher, David M <David.M.Locher@dea.gov>
Subject: [EXTERNAL] Re: Ascent Pharmaceuticals, Inc.

Mr. Siclari,

This email is to inform you that our client is planning to put approximately 110 employees on termination notice. This consideration is directly related and caused by DEA's many months long inertia.

While you find in me someone with highest respect and appreciation for your agency, as perhaps also expressed in the number of lawyers and officials previously serving with you, I do frankly not understand how and why the DEA would jeopardize even more jobs at Ascent.

To abbreviate, when can we expect a quota decision?

NICK

On 12/8/22, 7:55 AM, "Siclari, Edward O" <Edward.O.Siclari@dea.gov> wrote:

   Dr. Oberheiden:

   Thank you for reaching out to follow up. I appreciate your concern regarding time.

   DEA investigators are diligently and carefully reviewing the documents that Ascent provided. Among other things, this review includes the laborious task of identifying and inventorying which records are competing versions to what Ascent previously provided and in what way(s) the latest versions are different. DEA investigators must also assess Ascent's response based on the recently provided records and to what extent that response ought to revise DEA's findings.

   Today, I have a scheduled meeting with our investigators to learn more about the status of their review and to provide any direction I can in order to ensure their review is completed as soon as practicable.

3

And, as we have stated previously, Ascent cannot disavow fault in the time it has taken the company to make an organized disclosure of records that the Controlled Substances Act requires Ascent to maintain in a readily retrievable manner.

Sincerely,

Edward O. Siclari
Attorney
Office of Chief Counsel | Drug Enforcement Administration
Email: Edward.O.Siclari@dea.gov

-----Original Message-----
From: Nick Oberheiden <nick@federal-lawyer.com>
Sent: Tuesday, December 6, 2022 6:11 AM
To: Siclari, Edward O <Edward.O.Siclari@dea.gov>
Cc: mary rochee <maryrochee@gmail.com>; Locher, David M <David.M.Locher@dea.gov>
Subject: [EXTERNAL] Ascent Pharmaceuticals, Inc.

Mr. Siclari:

I hope you are well. I am following up again on my previous emails.
   To recap, our client submitted their quota application in February 2022. Since, first the client directly and then now for weeks through our office, we have requested an explanation for the delay and, more importantly, an affirmative decision.
   The implications of the DEA's ability to perform its statutory duties are immense-- for our client and, increasingly, for the public. More than 50 employees had to be terminated as a direct cause of your office's inertia, more than 250 jobs depend on the decision and thus remain at risk. Our client's financial harm exceeds several millions of dollars to date. If those indications are not compelling enough, our client supplies more than 3 million prescriptions monthly; refills will turn into a health crisis.
   We kindly urge you to provide a decision by December 8, 2022.

Dr. Nick Oberheiden
Attorney-at-Law

On 12/1/22, 3:53 PM, "Nick Oberheiden" <nick@federal-lawyer.com> wrote:

    Thank you for these clarifications. Because of the implications for current employees, who could give us guidance on the timing of the quota decision? Nick

    Dr. Nick Oberheiden
    Attorney-at-Law

4