# **EXHIBIT 6**

| | |
|---|---|
| **From:** | Nick Oberheiden |
| **To:** | Vasu Sabbella; Sudhakar Vidiyala |
| **Subject:** | FW: [EXTERNAL] Fwd: Ascent Pharmaceuticals: Meeting request |
| **Date:** | Friday, July 21, 2023 3:45:47 PM |

Fyi.

**From:** Schwartz, James J <James.J.Schwartz@dea.gov>
**Date:** Friday, July 21, 2023 at 2:45 PM
**To:** Nick Oberheiden <nick@federal-lawyer.com>
**Subject:** RE: [EXTERNAL] Fwd: Ascent Pharmaceuticals: Meeting request

Received.

**From:** Nick Oberheiden <nick@federal-lawyer.com>
**Sent:** Friday, July 21, 2023 3:22 PM
**To:** Schwartz, James J <James.J.Schwartz@dea.gov>
**Subject:** Re: [EXTERNAL] Fwd: Ascent Pharmaceuticals: Meeting request

Respectfully, following up in light of the described urgency. Any news? Nick Oberheiden

**From:** Nick Oberheiden <nick@federal-lawyer.com>
**Date:** Wednesday, July 19, 2023 at 10:10 AM
**To:** Schwartz, James J <James.J.Schwartz@dea.gov>
**Subject:** Re: [EXTERNAL] Fwd: Ascent Pharmaceuticals: Meeting request

Mr. Schwartz,

While we are awaiting your introduction to a DEA point of contact, our client is eager to share with you a number of (largely unedited) facts and factors to motivate you to expedite the DEA's quota decision to avoid the collapse of our client's business. We kindly ask you to inform us about the DEA's availability to have an emergency meeting to discuss these matters.

- We need a quota decision immediately or we need in person meeting with DEA to understand the problem in granting the quota to Ascent.
- Company is in a position to lay off another 100 employees immediately.
- As per recent meeting with NY investigation team of DEA, there is no indication of any diversion or possible diversion issues.
- Inspection is going for 14 months with no progress at all, and we do not understand the reasons for so prolonged inspection except finding few minor booking keeping issues.
- Quota has been stopped abruptly without any indication and without any

- valid reasons.
- Not giving quota to Ascent is a severe punishment without knowing the faults on Ascent's part.
- For the minor civil errors, cannot be given death punishment.
- We don't know the problem to DEA to grant quota while the investigation is in under progress.
- In the span of 14 months inspection, no material event has been identified which effects the agency to grant the quota.

**The following are the major impacts on delaying granting the quota to Ascent.**

1. Lost 70% of revenues since September 2022 which is about $8 to $10 Million revenues per month.
2. Received $6 - $8 million penalties so far from the customers for failure to supply the controlled drugs.
3. Invested more than $200 Million to set up the business, R&D, and infrastructure.
4. Forced to breach financial covenants with the banks due to significant revenue losses.
5. Lost total customer base for the business established by our hard work over a period of decade.
6. There is no guarantee how much time it will take to recoup the customer base that we lost in last one year.
7. Laid off approx. 50 employees and lost approx. 70 employees in the last one year.
8. We have commitments to local Industrial Development Agency to create some number of jobs. We have committed more than 100 new jobs based on the estimated growth of the business. We are supposed to have more than 100 employees on top of the number of employees we had in early 2022.
9. That means we have 220 less employees as on today when compared to the estimated jobs by this time.
10. Our main goal to start this business is to supply the generic drugs at affordable price to the needy patients. But we are failed to do so due to lack of quota of the raw materials.
11. Our R&D Projects in controlled drug area are all struck because of lack of raw material quota. We lost millions of dollars that we invested in time sensitive R&D projects since the lack of raw materials.  All the new

> launches are also delayed due to pending responses to FDA as we need raw materials to submit responses.

Sincerely,

Dr. Nick Oberheiden
Attorney-at-Law
On Behalf of Ascent Pharmaceuticals

---

**From:** Schwartz, James J <James.J.Schwartz@dea.gov>
**Date:** Monday, July 17, 2023 at 12:09 PM
**To:** Nick Oberheiden <nick@federal-lawyer.com>
**Subject:** RE: [EXTERNAL] Fwd: Ascent Pharmaceuticals: Meeting request

> No. We will provide a point of contact for you during Mr. Siclari's absence.

---

**From:** Nick Oberheiden <nick@federal-lawyer.com>
**Sent:** Monday, July 17, 2023 12:50 PM
**To:** Schwartz, James J <James.J.Schwartz@dea.gov>
**Subject:** [EXTERNAL] Fwd: Ascent Pharmaceuticals: Meeting request

Mr Schwartz— nice meeting you. Will you serve as the new/interim point of contact? Nick

Dr. Nick Oberheiden
Attorney-at-Law

Begin forwarded message:

> **From:** Nick Oberheiden <nick@federal-lawyer.com>
> **Date:** July 17, 2023 at 11:42:36 CDT
> **To:** "Siclari, Edward O" <Edward.O.Siclari@dea.gov>
> **Cc:** William Newman <will@federal-lawyer.com>
> **Subject: Re: Ascent Pharmaceuticals: Meeting request**
>
> Following up from my previous email. Can you please provide a status quo update? We strongly believe that our client is entitled to an update— for one, as a registrar; for another, based on the ENORMOUS amount of time that has passed without a decision. Who could provide an explanation to us why the quota decision takes over a year? Nick
>
> Dr. Nick Oberheiden
> Attorney-at-Law

On Jul 13, 2023, at 09:46, Nick Oberheiden <nick@federal-lawyer.com> wrote:

It is my understanding that the on-site audit was productive— even though, judging from the questions, it appears that at least two investigators were largely unfamiliar with even the basics. More than a year into the audit, that's regrettable. Be advised that our client will produce subpoenaed information by tomorrow. You were referenced as the point of contact for both the audit and the quota— kind of surprising since these two matters are separate. In that dual capacity, can you please inform yourself about the timeline for the completion of the audit and the urgently needed quota decision (ironically, we are already approaching next year's quota application period). Nick

Dr. Nick Oberheiden
Attorney-at-Law

> On Jul 6, 2023, at 17:21, Siclari, Edward O <Edward.O.Siclari@dea.gov> wrote:
>
> Thank you. I will let the team know.
>
> **From:** Nick Oberheiden <nick@federal-lawyer.com>
> **Sent:** Thursday, July 6, 2023 6:09 PM
> **To:** Siclari, Edward O <Edward.O.Siclari@dea.gov>; William Newman <will@federal-lawyer.com>
> **Subject:** [EXTERNAL] Re: Ascent Pharmaceuticals: Meeting request
>
> Yes sir.
>
> **From:** "Siclari, Edward O" <Edward.O.Siclari@dea.gov>
> **Date:** Thursday, July 6, 2023 at 4:53 PM
> **To:** Nick Oberheiden <nick@federal-lawyer.com>, Will Newman <will@federal-lawyer.com>
> **Subject:** RE: Ascent Pharmaceuticals: Meeting request
>
> Does 9:00 a.m. Eastern work?

Sincerely,

Edward O. Siclari
Attorney | Diversion Section
Office of Chief Counsel | Drug Enforcement Administration
(o) (571) 776-3660 | (c) (571) 488-3722
Email: Edward.O.Siclari@dea.gov

---

**From:** Nick Oberheiden <nick@federal-lawyer.com>
**Sent:** Thursday, July 6, 2023 5:25 PM
**To:** Siclari, Edward O <Edward.O.Siclari@dea.gov>; William Newman <will@federal-lawyer.com>
**Subject:** [EXTERNAL] Re: Ascent Pharmaceuticals: Meeting request

Tuesday works. What time?

---

**From:** "Siclari, Edward O" <Edward.O.Siclari@dea.gov>
**Date:** Thursday, July 6, 2023 at 3:29 PM
**To:** Nick Oberheiden <nick@federal-lawyer.com>, Will Newman <will@federal-lawyer.com>
**Subject:** Ascent Pharmaceuticals: Meeting request

Dr. Oberheiden and Mr. Newman,

Investigators assigned to the New York Division (NYD) are requesting an opportunity to meet with your client, Ascent Pharmaceuticals.

Is your client available to meet at its registered location either Monday, July 10, or Tuesday, July 11?

NYD requests to talk to persons knowledgeable and responsible for:
1. Entering and removing controlled substances into and from the vault and the corresponding paperwork,
2. Controlled substance packaging and shipping procedures and recordkeeping,
3. Communication with R&S Solutions regarding orders and shipments,
4. Execution and review of DEA Forms 222,
5. ARCOS reporting, and
6. DEA compliance

Kindly advise at your earliest convenience whether your client will make itself available to discuss matters and records pertinent to the investigation and when it will be available to do so.

Sincerely,

Edward O. Siclari
Attorney | Diversion Section
Office of Chief Counsel | Drug Enforcement Administration
(o) (571) 776-3660 | (c) (571) 488-3722
Email: Edward.O.Siclari@dea.gov